THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David E. Droll,                                                 Case No. 11cv00514

         Plaintiff

     v.                                                    MEMORANDUM OPINION AND
                                                                       ORDER

CSX Transportation, Inc.,

         Defendant

### INTRODUCTION

This matter is before me on the motion of Defendant CSX Transportation, Inc. ("CSX") for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. No. 41). Plaintiff David Droll ("Droll") filed a response (Doc. No. 61)[1]; CSX filed a reply (Doc. No. 46). For the reasons stated below, CSX's motion is denied.

### BACKGROUND

On March 14, 2011, Droll filed suit against CSX, alleging violations of the Federal Employers' Liability Act ("FELA") and the Federal Safety Appliance Act ("FSAA") (Doc. No. 1). Droll alleges he was injured when the railcar on which he was riding derailed and pinned him against a railcar on an adjacent track (Doc. No. 1 at 2). On the date of the accident, the railcar on which Droll rode was missing an iron rung on one side, which prevented Droll from riding on that side (Doc. No. 1 at 4; Doc. No. 41 at 3).

---

[1] On September 19, 2012, counsel for the Plaintiff filed a motion for leave to refile Plaintiff's response to Defendant's motion for summary judgment with citations to the record inserted instanter (Doc. No. 56). I granted that motion, and note Plaintiff's counsel previously filed a timely response to Defendant's motion (Doc. No. 39).

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.

Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "requires the [non-moving] party to go beyond the pleadings" and present some evidence in support of its position. *Celotex*, 477 U.S. at 324; *see also*, *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The non-moving party "need only present evidence from which a jury might return a verdict in his favor" in order to establish a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 257. Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, a court "must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, a court must determine "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also*, *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## ANALYSIS

The FSAA "imposes an absolute duty on railroads to provide and maintain certain safety appliances." *Richards v. Consol. Rail Corp.*, 330 F.3d 428, 432 (6th Cir. 2003) (citing *Myers v. Reading Co.*, 331 U.S. 477, 485 (1947)); *see also*, 49 U.S.C. § 20302(a)(1)(C) (mandating that railroads equip railcars on which ladders are required with "secure handholds or grab irons"). In order to recover for a violation of the FSAA, a plaintiff "need only show (1) the statute was violated; and (2) [he] suffered injuries 'resulting in whole or in part' from the defective equipment." *Richards*, 330 F.3d at 432. An FSAA violation "is sufficient to establish employer negligence under FELA and . . . 'eliminates contributory negligence as a consideration.'" *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 351 (6th Cir. 2002) (quoting *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 507 n. 13 (1957)); *see also*, 45 U.S.C.A. § 53 (employee's contributory negligence is immaterial where railroad violated "any statute enacted for the safety of employees" and that violation contributed to employee's injury).

In *CSX Transp., Inc. v. McBride*, 131 S.Ct. 2630 (2011), the Court concluded a defendant railroad is liable to a plaintiff employee "if the railroad's negligence played any part in bringing about the [plaintiff's] injury." *Id.* at 2634. In *McBride*, the plaintiff suffered a hand injury while using a hand-operated independent brake during frequent starts and stops to add and remove individual railcars (known as "switching") from an engine configuration utilizing "wide-body" engines. The plaintiff alleged CSX was negligent in requiring him to use equipment unsafe for switching and in failing to train him to operate that equipment. *Id.* at 2635. The Court upheld the Seventh Circuit's pattern jury instruction for FELA cases, drawn from *Rogers*, which stated:

> Defendant 'caused or contributed to' Plaintiff's injury if Defendant's negligence played a part – no matter how small – in bringing about the injury. The mere fact that an injury occurred does not necessarily mean that the injury was caused by negligence.

3

*Id.*; *see also*, *Id.* at 2644 (approving the jury instruction as a proper statement of "the test Congress prescribed for proximate causation in FELA cases").

The *McBride* Court stated "*Rogers* is most sensibly read as a comprehensive statement of the FELA causation standard." *Id.* at 2638. The Court reiterated its earlier conclusion that Congress, through FELA, imposed a "far more drastic duty" on railroads to protect their employees from harm than existed at common law and intended railroads to be held liable if the railroad's negligence played "any part" in causing an employee's injury. *Id.* at 2639. In *Rogers*, the Court stated the inquiry into the presence of a jury question "is narrowly limited to . . . whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the [plaintiff's] injury." *Rogers*, 352 U.S. at 507.

Within this legal framework, it undeniably is true that CSX's attempts to obscure its own negligence through persistent recitations of Droll's alleged contributory negligence and a generous reading of the majority's opinion in *McBride* cannot "deprive" Droll of his "right to a jury determination." *McBride*, 131 S.Ct. at 2639. CSX admits the railcar was missing a grab iron on one side (Doc. No. 46 at 3), that the FSAA requires railcars to be equipped with grab irons (Doc. No. 41 at 5), and that a railroad's violation of the FSAA establishes negligence per se (Doc. No. 41 at 5). Under these circumstances, contributory negligence is not a proper consideration "for any purpose." *Rogers*, 352 U.S. at 507, n. 13; *see also*, *Toth*, 306 F.3d at 351.

With CSX's negligence thus established, the only remaining issue is causation. Under *Rogers* and its progeny, a jury properly may conclude a railroad is liable for the injuries its employee suffered if the railroad's negligence "played any part, even the slightest, in producing the injury." *Rogers*, 352 U.S. at 506. To be entitled to summary judgment, CSX must demonstrate there is no genuine dispute as to any material fact on this issue, and this it cannot do.

CSX argues this case is analogous to *Szekeres v. CSX Transp., Inc.*, Case No. 1:08-cv-01153 (N.D. Ohio, June 5, 2012) (Doc. No. 37-2), and *Nicholson v. Erie R.R. Co.*, 253 F.2d 939 (2nd Cir.

1958), and thus asserts it is entitled to partial summary judgment on Droll's claims. In *Szekeres*, the plaintiff alleged he was injured because CSX's failure to provide sanitary bathrooms forced him to climb a hill to urinate in privacy, and that he was injured when he slipped and fell on the hill. The court concluded Szerkeres's "far out but for scenario of causation" did not satisfy the FELA (Doc. No. 37-2 at 6). In this case, CSX contends *Szekeres* lays out the proper interpretation of *McBride* (Doc. No. 46 at 5-6). The court in *Szekeres*, however, did not rely on the Supreme Court's discussion in *McBride* of the *Rogers* "any part" test. Rather, the court granted CSX's motion for judgment as a matter of law because "the sole evidence of causation on [Szekeres's] claim is speculation," as Szekeres, the sole testifying witness as to causation, "admitted that he had no factual basis" for his testimony regarding the cause of his injury (Doc. No. 37-2 at 6-7). Droll does not face the same scenario, as CSX already has admitted (1) the railcar in question was missing a grab iron, (2) Droll thus rode on the other side of the railcar, and (3) Droll was injured when the railcar on which he rode derailed and pinned him against another railcar (Doc. No. 41 at 3-4). The decision for the jury is whether the absence of the grab iron played any part in causing Droll's injuries, or whether the derailment was the sole cause.

In *Nicholson*, the plaintiff employee was injured when, while using toilet facilities on a passenger car the defendant owned, she fell after being struck by something carried by a passenger. *Nicholson*, 253 F.2d at 940. The plaintiff stated she was forced to use the bathroom in the passenger car because her employer failed to provide bathrooms for female employees. *Id.* The court concluded the plaintiff's injuries were too remote in time and space from the defendant's negligence to satisfy the FELA and upheld the lower court's dismissal of the plaintiff's case for a lack of causation. *Id.* at 941.

The plaintiff in *Nicholson* argued, in essence, that her employer's failure to provide bathrooms for female employees caused her to be in the passenger car where she was hit by the passenger's luggage; but for the defendant's conduct, Nicholson would have used a bathroom at her workplace,

5

the Jersey Avenue Car Shops, instead. This case presents a different scenario, however, because Droll would have been at the situs of the accident even if CSX had not been negligent in failing to maintain the railcar. On February 2, 2011, CSX required Droll to pick up additional railcars from Morral Chemical (Doc. No. 41 at 2). Neither CSX nor Droll asserts that, had CSX properly maintained the grab iron on the railcar, Droll would have been anywhere besides on the job, at Morral Chemical, at the time of the accident.

As I note above, the Supreme Court has been clear that a jury properly may conclude a defendant caused or contributed a plaintiff's injury if the defendant's negligence played any part in bringing about the injury. *See McBride*, 131 S.Ct. at 2639; *Rogers*, 352 U.S. at 507. A jury could reasonably conclude Droll's conduct – riding on the side of the railcar nearest to the remainder of the railcars – "was a normal reaction to the stimulus of a situation created by the defendant's violation of its statutory duty." *Richards*, 330 F.3d at 436 (citing *Warning v. Thompson*, 249 S.W.2d 335 (Mo. 1952)). It is clear "that where the evidence allows more than one outcome on the issue of causation, the issue should be decided by a jury, not a judge." *Richards*, 300 F.3d at 437 (citing *Rogers*, 352 U.S. at 506-07). Thus, there remains a genuine dispute as to a material fact, and CSX is not entitled to summary judgment.

## CONCLUSION

For the reasons stated above, CSX's motion for summary judgment (Doc. No. 41) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
