THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


David E. Droll,                                          Case No. 11cv514

          Plaintiff

     v.                                                   ORDER

CSX Transportation, Inc.,

          Defendant


This matter is before me on the objection of Defendant CSX Transportation, Inc. ("CSX") to the designation of Plaintiff David Droll ("Droll") of the following excerpt from the deposition testimony of Dr. Frank J. Meszaros. (Doc. No. 72). CSX objects to Droll's designation of the deposition transcript from page 16, line 21 through page 17, line 5:

> **Q:** Would you expect – again, to a reasonable degree of medical certainty, would you expect any of the injuries which you treated Mr. Droll for to be painful into the future?
>         Ms. Shope: Objection. Speculative.
> **A:** Potentially, yeah. I mean, especially with a joint separation, sometimes if – you can develop arthritis in a joint after it's been separated. So, yeah, he may have some low-grade discomfort that he may have to live with.

(Doc. No. 58 at 4-5).

CSX argues this part of Dr. Meszaros's testimony "is unsupported speculation prohibited under *Daubert* [*v. Merrill Dow Pharm.,* 509 U.S. 579 (1993)] and Federal Rule of Evidence 702." (*Id.*). The objective of the *Daubert* gate-keeping requirement "is to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Rule 702 requires that the expert's testimony "will help the trier of fact to understand the evidence or to determine a

fact in issue . . .". Fed. R. Evid. 702. Dr. Meszaros testified that a person who suffered a joint separation "potentially" or "sometimes" could develop arthritis in the joint, or "may have some low-grade discomfort." (Doc. No. 58 at 5). In essence, Dr. Meszaros was able to testify to a reasonable degree of medical certainty only that some patients – not necessarily Mr. Droll – develop arthritis from a joint separation. This falls short of the standard set forth in Rule 702. CSX's objection is sustained, and Droll may not offer this portion of Dr. Meszaros's testimony at trial.

During a pre-trial conference held on October 24, 2012, the parties asked to revise their designations of Dr. Meszaros's deposition in the event I decided to grant CSX's objection. Droll asked to remove his designation of the excerpt on page 17 of the transcript, from line 6 through line 13, while CSX asked to remove its designation of the excerpt that runs from page 23, line 24 through page 24, line 6. In light of my decision as to CSX's objection, I also grant the parties' requests and order that the excerpts listed above may not be admitted at trial.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge