THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David E. Droll,                                          Case No. 11cv514

        Plaintiff

   v.                                                    ORDER

CSX Transportation, Inc.,

        Defendant

### PLAINTIFF DROLL'S MOTIONS IN LIMINE

Droll submitted ten motions in limine[1], and argues the following evidence or arguments should be excluded at trial:

1. <u>That Droll was contributory negligent or at fault in Droll's claim for violation of the Safety Appliance Act ("SAA").</u>

CSX objects. As Droll notes, the defense of contributory negligence "has been abrogated where an injury is caused, in whole or in part, by the violation of a safety statute . . .". (Doc. No. 66 at 17). Droll has not yet proven, however, that a violation of the SAA in fact <u>caused</u> his injuries. In the absence of proof of such causation, CSX is not barred from arguing contributory negligence. Droll's motion is **DENIED**.

2. <u>That David Droll was "empowered."</u>

CSX objects. Droll is correct in asserting that the doctrine of assumption of risk is not available as a defense in an FELA case. *See Tiller v. Atlantic Coastline R. Co.*, 318 U.S. 54 (1943). Droll

---
[1] (Doc. No. 66 at 17-24). *See also*, (Doc. No. 76) (CSX's responses).

is entitled to a jury instruction on this point of law and is encouraged to submit such a proposed instruction.  Droll has not proven, however, that CSX's empowerment rule is merely an attempt to resuscitate the assumption of risk defense.  Further, as I concluded above, CSX at this time is not barred from alleging Droll was contributorily negligent.  Droll's motion is **DENIED**.

3. That Plaintiff has applied for, will be eligible for, or that there have been payments made through the United States Railroad Retirement Board for disability or sickness.

  CSX does not object; Droll's motion is **GRANTED**.

4. Defendant shall not refer to or attempt to introduce any document, photograph or video which was requested by Plaintiff during the discovery process, but not made available to Plaintiff in discovery.

  CSX states it does not intend to offer such evidence.  Based on CSX's representation, Droll's motion is **DENIED AS MOOT**.

5. That the Plaintiff has sought to preclude information or facts from the jury regardless of whether the Court granted or denied the request.

  CSX states it does not intend to offer such evidence.  Based on CSX's representation, Droll's motion is **DENIED AS MOOT**.

6. Any reference to Plaintiff's personal habits, including any drug use, smoking or drinking habits or alcohol consumption or problems or gambling, since there is no allegation in Defendants' pleadings that such habits contributed in any way to the occurrence made the basis of this suit or relate to his damages.

  CSX states it does not intend to offer such evidence.  Based on CSX's representation, Droll's motion is **DENIED AS MOOT**.

7. Any reference concerning any offers of settlement that may have been made before or during trial.

  CSX states it does not intend to offer such evidence.  Counsel are reminded to adhere to their professional and ethical obligations generally and in particular under Fed. R. Evid. 408.  Droll's motion is **DENIED AS MOOT**.

8. That Plaintiff could qualify for full retirement or pension benefits at age 60 or that some unnamed railroad employees do so.

CSX states it does not intend to offer such evidence. Based on CSX's representation, Droll's motion is **DENIED AS MOOT**.

9. <u>Any mention, reference or innuendo that Plaintiff's burden of proof in this personal injury case for compensatory damages is anything other than a preponderance of the evidence.</u>

CSX states it does not intend to offer such evidence or presumably argument. Based on CSX's representation, Droll's motion is **DENIED AS MOOT**.

10. <u>Calling any witness not previously named in advance of trial and listed on Defendant's witness list until good cause is shown and determined by the Court.</u>

CSX states it does not intend to offer such evidence. Based on CSX's representation, Droll's motion is **DENIED AS MOOT**.

**CSX'S MOTIONS IN LIMINE**

Defendant CSX submitted six motions in limine[2], and argues the following evidence or arguments should be excluded at trial:

1. <u>Any evidence or reference to the history of, or Congressional intent behind, the enactment of the Federal Employers' Liability Act.</u>

Droll does not object; CSX's motion is **GRANTED**.

2. <u>Any evidence or reference to safer workplace methods or procedures.</u>

Droll objects. CSX is correct that it had "no duty to provide the best, safest, or most up-to-date equipment or work methods." *See Atlantic Coast Line R. Co. v. Dixon*, 189 F.2d 525 (5th Cir. 1951) (test is not whether "the place in which the work is to be performed [is] absolutely safe . . . but whether or not the employer has exercised reasonable care and diligence to make them safe."). A railroad employer, however, has a duty to exercise reasonable care in providing a reasonably safe place to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment. *Beeber v. Norfolk Southern Corp.*, 754 F. Supp. 1364 (1990) (citing *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 7 (1963), and *Urie v. Thompson*, 337 U.S. 163, 178 n. 16 (1949)). The

---

[2] (Doc. No. 68). *See also*, (Doc. No. 74) (Droll's responses).

question of whether CSX exercised "reasonable care and diligence" is one for the jury, and the jury may consider an alternative practice in answering this question. CSX's motion is **DENIED**.

3. <u>Any evidence or reference to CSXT's size, financial condition, solvency or ability to pay a verdict.</u>

Droll does not object; CSX's motion is **GRANTED**.

4. <u>Any argument that the railroad had a duty to clear walkways or railroad crossing of snow and ice.</u>

Droll objects. A railroad has a continuing duty to use reasonable care in furnishing its employees with a safe place to work, and that duty "is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent." *Bailey v. Central Vermont Ry.*, 319 U.S. 350, 352-53 (1943). Again, the question of whether CSX used reasonable care is one for the jury. CSX's motion is **DENIED**.

5. <u>Any argument that the jurors act as safety advocates in this lawsuit or that they send a message with their verdict.</u>

Droll does not object; CSX's motion is **GRANTED**.

6. <u>Any testimony, argument, reference or evidence alleging inadequate train crew size because such a claim is preempted by the Collective Bargaining Agreement.</u>

Droll objects. The parties are in the process of obtaining a copy of the Collective Bargaining Agreement that allegedly governs the relationship between CSX and its employees. When the parties provide the relevant portions of that agreement to me, I will issue a ruling on this motion in limine.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge